# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| QUINCY R. ANDERSON, | : Case No. 2:24-cv-1973 |
| Petitioner, | : |
| vs. | : District Judge Algenon L. Marbley |
| | : Magistrate Judge Elizabeth P. Deavers |
| KIM BROWN, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner, a prisoner at the Noble Correctional Institution,[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The petition is brought in connection with petitioner's state-court conviction and sentence in the Franklin County Court of Common Pleas, Case Number 21-CR-000585.  Petitioner brings the following four grounds for relief in the petition:

**GROUND ONE:** Prosecutor presented a[n] unsworn complaint/affidavit to the Grand Jury to bound me over to the Common Pleas Court.

**GROUND TWO:** Judge Kim Brown in Case #21-CR-585 failed to enforce the Franklin County Court Rules of Practice set into place to prevent unjust lengths of pretrial detention.  She allowed the case to carry on for 3 years prior to any trial.

**GROUND THREE:** Philip A. Templeton forged my signature on waiver documents that caused me to be held past the 90 day or 270 day limit and didn't explain anything about waiver form..

---

[1] Upon filing the petition, petitioner appears to have been located at the Franklin County Corrections Center.  (*See* Doc. 1 at PageID 1).  However, the Ohio Department of Rehabilitation and Correction webpage indicates that petitioner is now located at the Noble Correctional Institution.  Viewed at *https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A827618*.

> **GROUND FOUR:** Circumstances in Franklin County Common Pleas Court that render such adjudication process ineffective to protect the rights of Defendants in Criminal Cases the Cases result in a decision that is contrary to, or involve and unreasonable application of clearly established federal laws.

(Doc. 1 at PageID 6-7).

On May 1, 2024, the undersigned issued an Order for petitioner to show cause why this action should not be dismissed without prejudice on the ground that petitioner has not exhausted his available state-court remedies. As noted in the Order, petitioner challenges his convictions in Franklin County Court of Common Pleas, Case No. 21-CR-000585. (*See* Doc. 1 at PageID 1). Based on the documents submitted to the Court and review of the Franklin County Clerk of Court online docket records, it appears that following a jury trial petitioner was found guilty of Aggravated Robbery and Murder on January 11, 2024. Petitioner filed a notice of appeal on March 15, 2024, which remains pending in the Ohio Court of Appeals.[2] In response to the May 1, 2024 Order, petitioner has filed a motion seeking a stay of these federal habeas corpus proceedings. (*See* Doc. 10).

For the reasons stated below, it is recommended that petitioner's motion be denied and the petition be dismissed without prejudice.[3]

---

[2] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline under Case No. 24-AP-188. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

At the time of the May 1, 2024 Order to show cause, petitioner had a second appeal pending in Case No. 24-AP-257, which was dismissed as duplicative on May 15, 2024.

[3] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. This Court may *sua sponte* consider exhaustion. *See Eakes v. Sexton*, 592 F. App'x. 422, 430-31 (6th Cir. 2014) (noting that the court may raise non-exhaustion *sua sponte*); *Allen v. Perini,* 424 F.2d

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong

---

134, 138-39 (6th Cir. 1970)) ("The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts."). *See also Hargrove v. Warden, Lebanon Corr. Inst.*, No. 1:16-1011, 2017 WL 3475684, at *4 (S.D. Ohio Aug. 11, 2017) (Report and Recommendation), *adopted*, 2018 WL 1007510 (S.D. Ohio Feb. 22, 2018).

presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court,

4

be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

>The Supreme Court went on to determine:
>
>Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
>For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Supreme Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

A stay in this case is not warranted. First, this is not a mixed petition containing both exhausted and unexhausted claims. Although petitioner claims he exhausted all his "pre-trial remedies at his disposal" in the trial court (*see* Doc. 10 at PageID 13), petitioner acknowledges that he has not yet exhausted his state court remedies, as he has not presented any of his claims to

5

the Ohio Court of Appeals or Ohio Supreme Court.[4]  *See O'Sullivan*, 526 U.S. at 842; *Hafley*, 902 F.2d at 483; *Leroy*, 757 F.2d at 97, 99–100.  Second, a stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition.  *See, e.g., Smith v. Warden*, No. 1:20-cv-994, 2021 WL 3487489, at n.5 (S.D. Ohio Aug. 9, 2021) (Report & Recommendation), *adopted,* 2021 WL 3883890 (S.D. Ohio Aug. 31, 2021); *Pruitt v. Ohio,* No. 1:10-cv-313, 2010 WL 2607246, at *3 & n.2 (S.D. Ohio May 19, 2010) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010); *Mingo v. Michigan*, No. 1:06-cv-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006).  Under 28 U.S.C. § 2244(d)(1)(A), petitioner has one year from the date on which his judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because petitioner's direct appeal remains pending, dismissal of the petition without prejudice on exhaustion grounds will not trigger concerns regarding the statute of limitations.

Accordingly, in sum, petitioner's motion seeking a stay (Doc. 10) should be **DENIED** and the petition, filed before petitioner exhausted his state court remedies, should be **DISMISSED without prejudice** for lack of exhaustion.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus (Doc. 1) be **DISMISSED without prejudice** to refiling after petitioner has exhausted all available state court remedies and petitioner's motion seeking a stay (Doc. 10) be **DENIED.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is

---

[4] Petitioner, though counsel, was granted an extension of time until September 16, 2024 to file his appellate brief.

6

remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: August 22, 2024                                *s/ Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge