IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **QUINCY R. ANDERSON,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-1973 |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **KIM BROWN,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12) that this Court dismiss Petitioner Quincy R. Anderson's *pro se* petition for a writ of habeas corpus without prejudice (ECF No. 1); deny Petitioner's motion to stay these federal habeas corpus proceedings (ECF No. 10); decline to issue a certificate of appealability; and deny Petitioner leave to appeal *in forma pauperis*. (*See generally* ECF No. 12). For the reasons set forth below, this Court **ADOPTS** the R&R in its entirety (ECF No. 12).

Petitioner, a prisoner at the Noble Correctional Institution, filed this action challenging his state-court conviction and sentence in the Franklin County Court of Common Pleas, Case No. 21-CR-000585. (ECF No. 12 at 2). On May 1, 2024, Magistrate Judge Deavers ordered Petitioner to show cause why this action should not be dismissed without prejudice for his failure to exhaust state-court remedies. (*See* ECF No. 6). Specifically, based on documents submitted to the Court and on the Franklin County Clerk of Court online docket records, the Magistrate Judge observed that Petitioner's appeal remains pending in the Ohio Court of Appeals. (*Id.*). Accordingly, "because petitioner has not completed the direct appeal of his convictions and sentence," the Magistrate Judge opined that the petition may be subject to dismissal without prejudice "for failure

to exhaust available state-court remedies before applying for federal habeas corpus relief." (*Id.* at 3). In response to the Order to Show Cause, Petitioner sought a stay of this federal habeas action, pending Petitioner's exhaustion of his state court remedies. (*See* ECF No. 10).

In her R&R, Magistrate Judge Deavers concluded that Petitioner "has not yet exhausted his state court remedies, as he has not presented any of his claims to the Ohio Court of Appeals or Ohio Supreme Court"; and, further, that "a stay of the case while [P]etitioner exhausts his claims in the state courts is not warranted [] because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition." (ECF No. 12 at 5–6 (citations omitted)). The R&R advised that any objections must be filed within fourteen (14) days of the R&R and cautioned that failure to object will result in a waiver of the right to have the District Judge review the R&R. (ECF No. 12 at 7). No objections to the R&R have been filed, and the time for making any objections has passed.

Having reviewed the R&R, this Court agrees with the analysis therein and **ADOPTS** the R&R in its entirety. (ECF No. 12). Accordingly, Petitioner's *pro se* petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice** to refiling after Petitioner has exhausted all available state court remedies; and Petitioner's motion seeking a stay (ECF No. 10) is **DENIED**. Additionally, because reasonable jurists would not disagree with this Court's conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

    IT IS SO ORDERED.

                                                                                     _____
                                                                                     **ALGENON L. MARBLEY**
                                                                                     **UNITED STATES DISTRICT JUDGE**

**DATED: January 14, 2025**